*Lane, C. J.
This is a writ of error to tne common pleas of Jefferson couuty. The record shows a suit in assumpsit, by the Bank of Mount Pleasant, against the defendants. The decla> ration contains two counts. The first count is a cause of action against the indorsers of a promissory note, specially setting forth tho facts which render each liable. It is an attempt to frame a special count under the statute to regulate judicial proceedings, where banks and bankers are parties. It is a bad count, because the statute authorizes only the form of “ declaring for money lent.” Swan’s Stat. 149, sec. 51.
The second count is for money lent, and is unexceptionable in form. Judgment was rendered by default.
The plaintiff in error relies on the position that a judgment rendered by default upon a declaration containing two counts, of which one is defective, is erroneous and reversible. The doctrine is correct at common law, and the error is fatal unless cured by our practico.
At tho last term,, it was holden by this court, in Johnston v. *181 Mullin, 12 Ohio, 14, that judgment is not erroneous after verdict rendered upon a declaration containing one good and some bad counts. That rule decides this case, unless a judgment rendered on a default should be followed by different consequences. We think, however, that the same section of the act of 1835, amending the practice act, cures defects of this kind ; for the action of the court assessing damages, under section 98, Swan’s Stat. 671, stands in place of verdict on a writ of inquiry, and may be justly presumed to embrace money due, on a cause of action well stated and left undefended.
The judgment is therefore affirmed, without reference to the other points. Judgment affirmed.